# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2022

Lyle W. Cayce
Clerk

No. 22-30132

ANTHONY J. STEWART; DIANE RALEY; TOMIKA JORDAN; SHEENA ALTINE; TYELGA J. KEARNEY; ET AL,

*Plaintiffs—Appellees*,

*versus*

ENTERGY CORPORATION; ENTERGY NEW ORLEANS, L.L.C.; ENTERGY LOUISIANA, L.L.C.,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1834

Before SMITH, BARKSDALE, and HAYNES, *Circuit Judges*.
PER CURIAM:*

This case presents a second appeal (this time under 28 U.S.C. § 1291) from the same district court decision remanding the case to the Louisiana state court. In *Stewart v. Entergy Corp.*, 35 F.4th 930, 931 (5th Cir. 2022) (per curiam) ("*Stewart I*"), the Defendants-Appellants in this case ("Entergy") appealed the district court's remand order under 28 U.S.C. § 1453(c)(1),

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

regarding the Class Action Fairness Act ("CAFA"). We need not repeat the facts set out in that opinion; suffice it to say that the Plaintiffs in this case brought a class action against Entergy based upon alleged negligence and other breaches that caused extensive power outages following Hurricane Ida in southeast Louisiana in 2021. The district court concluded that CAFA jurisdiction did not apply and also rejected the other allegations of federal question and bankruptcy jurisdiction.

In *Stewart I*, which addressed the CAFA jurisdiction issues, we concluded that CAFA did not provide jurisdiction because the statute's local controversy and home state exceptions applied. 35 F.4th at 932–34. We also rejected the notion that our ability to address CAFA jurisdiction gave us jurisdiction to decide whether the district court properly remanded the case under federal question and bankruptcy arguments. *Id.* at 934–36; *see* 28 U.S.C. § 1447(d) (denying appellate jurisdiction over most appeals of jurisdictional remands). Following that decision, the Plaintiffs filed a motion to dismiss this appeal for lack of jurisdiction, which the motions panel carried with the case. Based upon the decision in *Stewart I* and the lack of any exception to Section 1447(d) applying in this appeal, we conclude that the motion to dismiss should be granted.

Accordingly, we DISMISS this appeal for lack of jurisdiction.